**Valerie Hibbs FRENCH, Appellant,**

**v.**

**Jean BARNETT and Richard Hibbs and the Named Minor Children, Appellees.**

**No. 2000–CA–000707–MR.**

Court of Appeals of Kentucky.

April 6, 2001.

Monica S. King, Stanton, KY, for Appellant.

No Briefs were filed for Appellees.

Before BUCKINGHAM, JOHNSON, and TACKETT, Judges.

*OPINION*

BUCKINGHAM, Judge:

Valerie Hibbs French appeals from an order of the Powell Circuit Court granting custody of her two children to her former mother-in-law, Jean Barnett. We affirm.

French and Richard Hibbs are the parents of two children, Latosha Kaye Hibbs, born September 16, 1988, and Richard L. Hibbs, III, born December 10, 1991. French and Hibbs were divorced in 1993, and French was awarded custody of the children. The children began living with Barnett, their paternal grandmother, on June 11, 1995. On July 15, 1995, French and Hibbs entered into an agreed order awarding Hibbs full custody of Latosha and temporary custody of Richard, although the children continued to reside with Barnett.

On December 1, 1998, Barnett filed a petition for the children's custody. Therein, she alleged that she had kept the children off and on for most of their lives and that they were presently living with her. She further alleged that they had been living with her for an extended period of time and that she was physically and financially able to care for them.

The case was transferred to a domestic relations commissioner (DRC), and a hearing was held on September 27, 1999. The DRC rendered her report on October 25, 1999, determining first that Barnett was the de facto custodian of the children. Because there was a custody order in effect granting custody of the children to Hibbs, the DRC noted that Barnett's petition was "actually a modification of a previous custody decree."

The commissioner concluded that French was not an unfit mother but that sole custody of the children should be awarded to Barnett in the interest of stability in their lives. French filed exceptions to the DRC's report, but the trial court entered an order on February 23, 2000, overruling French's exceptions and

awarding sole custody of the children to Barnett. This appeal by French followed.[1]

■ French's first argument on appeal is that the DRC erred when she failed to hold a separate hearing on the issue of whether Barnett was a de facto custodian prior to hearing the custody modification motion. KRS[2] 403.270 states in part as follows:

(1)(a) As used in this chapter and KRS 405.020, unless the context requires otherwise, "de facto custodian" means a person who has been shown by clear and convincing evidence to have been the primary caregiver for, and financial supporter of, a child who has resided with the person for a period of six (6) months or more if the child is under three (3) years of age and for a period of one (1) year or more if the child is three (3) years of age or older or has been placed by the Department for Social Services. Any period of time after a legal proceeding has been commenced by a parent seeking to regain custody of the child shall not be included in determining whether the child has resided with the person for the required minimum period.

(b) A person shall not be a de facto custodian until a court determines by clear and convincing evidence that the person meets the definition of de facto custodian established in paragraph (a) of this subsection. Once a court determines that a person meets the definition of de facto custodian, the court shall give the person the same standing in custody matters that is given to each parent under this section and

KRS 403.280, 403.340, 403.350, 403.420, and 405.020.

KRS 403.270(1)(a) and (b). Although the statute makes it clear that the court must determine de facto custodian status prior to considering custody modification, we find no statutory requirement that a separate hearing be held. More importantly, the DRC recognized that it was required to first determine whether Barnett was a de facto custodian. The DRC stated that "[t]he first step in this decision is to determine whether Jean Barnett is a 'de facto custodian.'" In short, we find no error in the DRC's failure to hold a separate hearing concerning whether Barnett was a de facto custodian.

■ French's second argument is that the DRC and trial court erred in determining that Barnett was de facto custodian when the custody petition did not request such a finding. Under the applicable statute, a child custody proceeding may be commenced in circuit court by a parent, by a person other than a parent, or by a de facto custodian of the child. KRS 403.420(4). French argues that she had no notice that Barnett would be requesting the court to determine her to have de facto custodian status since such information was not alleged in her petition. She asserts that Barnett was proceeding under KRS 403.420(4)(b) and that she (French) and her counsel prepared her defense in that posture.

We conclude that Barnett's petition complied with the general rules of pleading set forth in CR[3] 8 and that it was not necessary for Barnett to specifically plead de facto custodian status. Furthermore, it is apparent from the face of Barnett's petition that its basis was that she was the

1. Neither Barnett nor Hibbs has filed a brief in this appeal.

2. Kentucky Revised Statutes.

3. Kentucky Rules of Civil Procedure.

children's primary caregiver and financial provider. It is unreasonable to think that French was surprised at the hearing when Barnett claimed custody of the children because they were living with her and had lived with her for a long period of time.

■ French's third argument is that the DRC and trial court erred when it failed to make specific findings determining that Barnett met the de facto custodian status by clear and convincing evidence. The DRC found that Barnett was the primary caregiver and financial supporter of the children since June 11, 1995. The DRC further found that Barnett had provided continuously for the children's safety, shel-ter, and security since that time. We conclude that these findings of the trial court were sufficient to constitute clear and convincing evidence supporting the trial court's determination that Barnett was the de facto custodian of the children.

The order of the Powell Circuit Court is affirmed.

ALL CONCUR.